Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210105-175381
DATE: October 29, 2021

REMANDED

Entitlement to payment for non-Department of Veterans Affairs (VA) medical services provided to the Veteran on July 20, 2020, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from November 1965 to May 1966. The Appellant is a proper claimant as the entity that furnished the treatment on July 20, 2020. See 38 U.S.C. § 1725, 38 C.F.R. § 17.1004. 

In January 2021, the Board of Veterans' Appeals (Board) received a VA Form 10182, Decision Review Request: Board Appeal electing the Direct Review docket to review a November 2020 Explanation of Payment (EOP) issued by a VA Agency of Original Jurisdiction (AOJ). The Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

The Board finds remand is warranted to satisfy a statutory duty under 38 U.S.C. § 5104. 38 C.F.R. § 20.802(a) (the Board may remand for correction of any error by the AOJ in satisfying a regulatory or statutory duty if correction of the error would have a reasonable possibility of aiding in substantiating the claim). 

Generally, a claimant is entitled to notice of a decision by the Secretary that includes an explanation of the procedure for obtaining review of the decision. 38 U.S.C. § 5104(a). Such notice must include the following: 

1. Identification of the issues adjudicated. 

2. A summary of the evidence considered by the Secretary. 

3. A summary of the applicable laws and regulations. 

4. Identification of findings favorable to the claimant. 

5. In the case of a denial, identification of elements not satisfied leading to the denial. 

6. An explanation of how to obtain or access evidence used in making the decision. 

7. If applicable, identification of the criteria that must be satisfied to grant service connection or the next higher level of compensation. 

38 U.S.C. § 5104(b). 

Here, the Appellant was issued a November 2020 EOP indicating that the billed charges for a July 20, 2020, episode of care was considered under 38 U.S.C. § 1725 and that payment was made in the amount of $0 because the time limit for filing had expired. This EOP generally identified the issue that was adjudicated, the law in question, and one element that was not satisfied leading to the denial. However, there was no summary of the evidence considered, summary of the applicable laws and regulations, or identification of favorable findings or other elements not satisfied which would lead to the denial. 

Without adequate notice of the basis for the denial, a claimant cannot make an informed decision as to whether or not to accept or appeal the decision nor can he or she know what evidence to submit in order to substantiate the appeal. See Ingram v. Nicholson, 21 Vet. App. 232, 252 (2007) (discussing the legislative history of 38 U.S.C. § 5104 and the importance of clear and informative notice of decisions). The Appellant was not put on notice of what additional evidence or argument could be presented to support an appeal. On remand, the AOJ must provide the Appellant with complete notice of the decision as required by 38 U.S.C. § 5104, including identification of whether or not the claim meets each of the criteria necessary for payment under 38 U.S.C. § 1725 and 38 C.F.R. § 17.1002.

The matter is REMANDED for the following action:

Issue the Appellant a decision and notice of decision on the issue of entitlement to payment of the cost of non- VA medical services provided to the Veteran on July 20, 2020, as described in 38 U.S.C. § 5104. The notice shall include but is not limited to: a summary of the evidence; a summary of the applicable laws and regulations; identification of findings favorable to the claimant; and, identification of the substantive conditions not satisfied but necessary for payment of the cost of non-VA emergency medical services under 38 U.S.C. § 1725 and 38 C.F.R. § 17.1002.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Odya-Weis

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.